CHARLES H. FELTHAM *et al. vs.* RHODE ISLAND HOSPITAL TRUST Co. *et al.*

JULY 24, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.    This is a suit in equity begun by a bill of complaint filed by a brother, and two others of the heirs at law and next of kin, of Arthur J. Feltham, deceased. They seek thereby to have declared null and void a certain deed of trust executed by him on August 9, 1935, his wife, Margaret Foster Feltham, being one of the grantees in trust and the principal beneficiary under that deed.

The complainants further seek, by this suit, to have declared null and void not only two other instruments modifying that deed of trust and dated respectively January 10,

1936 and August 5, 1937, but also numerous conveyances and transfers by him to her of certain stocks, bonds and other securities, life insurance policies and annuities, and numerous deeds and transfers, by him to him and her as joint owners, of certain real estate and bank accounts.

Moreover, the complainants, in their bill, pray for several kinds of incidental and supplemental relief; but we see no need of stating or discussing these other kinds of relief, since they are all dependent upon the main relief prayed for as above stated.

The original respondents were the trustees under the deed of trust above mentioned and Margaret Foster Feltham individually. The Rhode Island Hospital Trust Company as executor of the last will and testament of Arthur J. Feltham was also joined as a party respondent.

The original respondents have filed a joint and several answer. In this they admit many of the allegations of fact contained in the bill of complaint. Subsequently the same allegations are admitted by the executor in a separate answer. As to the allegations of conduct by the principal respondent of the nature of undue influence or other blameworthy conduct, these are denied by her in the principal answer and are neither admitted nor denied by the other respondents. Among the facts either alleged in the bill and admitted by all the respondents to be true, or else fully proved and not denied, are the following:

The complainants are respectively the brother, niece and nephew of Arthur J. Feltham, late of the city of Warwick in this state, who died October 1, 1937, and left, surviving him, the principal respondent, who was his second wife, and the complainants and his other heirs and next of kin. Annie Feltham, his former wife, died on April 15, 1934. She was then and had been for many years the sole beneficiary under his will.

Arthur J. Feltham was a man of considerable wealth, being possessed, among other things, of substantial bond and stock holdings, and also bank accounts in various banking institutions. He was also the owner of real estate in the cities of Warwick and Cranston in this state. He had made his wealth in the business of selling automobiles, but had retired from active business not very long before the death of his first wife. He was strong-willed and not easily influenced.

On April 30, 1934, fifteen days after the death of his first wife, he executed a will by which he devised and bequeathed about half of his property to his near relatives and the rest to various charitable purposes. In June 1934, the month in which he became engaged to be married to the principal respondent, he executed a codicil to this will, in which he bequeathed to her the sum of $100,000.

He was married to the respondent on October 24, 1934, and thereafter transferred some of his property to her, including the stocks, bonds and other securities, life insurance policies and annuities above mentioned. He also, on August 9, 1935, by quitclaim deeds, conveyed to himself and her as joint tenants certain parcels of real estate in Cranston and Warwick. He also executed and delivered the above-described trust instruments dated respectively August 8, 1935, January 10, 1936, and August 5, 1937.

On August 9, 1935, he duly executed a will, which was admitted to probate by a decree of the probate court of Warwick on January 14, 1938. From that decree an appeal was duly taken by the present complainants, on the ground that the will was the result of undue influence by the principal respondent, Margaret Foster Feltham. This appeal was still pending at the time of the filing of the answers of the respondents in the instant cause.

The instant cause was heard, upon the bill, answers and replication, before a justice of the superior court. A great amount of testimony was introduced on both sides, which is

set forth in a transcript of 1509 typewritten pages. Some considerable time after the close of the hearing, this justice filed a rescript of 63 typewritten pages, in which he discussed the evidence very fully and made many findings of fact.

His final conclusions therein were, in substance and effect, that the complainants had failed to prove, by a fair preponderance of the evidence, the allegations of the bill of complaint as to the conduct by the respondent Margaret Foster Feltham upon which they based their prayers for relief; and that their bill of complaint must therefore be dismissed, with costs for the respondent.

A decree was entered accordingly, and the cause is now before us on the complainants' appeal from that decree, the only reasons of appeal, that were stated and are now relied upon, being, in substance and effect, that the decision of the trial justice, contained in his rescript, was against the evidence and the weight thereof and that it was against the law; and that the final decree was against the evidence and the weight thereof and that it was against the law.

Among the facts found by the trial justice in his rescript, in addition to the facts stated *supra,* are the following: On November 21, 1934, thirty-two days after his second marriage, Arthur J. Feltham executed a will, in which he left all of his property to his second wife. His written instruction to his attorney about it was that he wanted another will drawn which was similar to the one for the benefit of his first wife.

Before the death of his first wife "he had a mind of his own and was not easily influenced and was a person who made his own decisions and adhered to them." It is "clear that whatever maladies he was suffering from during the period from the death of his first wife to his own death in 1937, such maladies had no effect on his mental capacity and there is no evidence that his capacity to resist attempts at undue influence had been changed or lessened."

From the time of his second marriage he was "somewhat more generous in his disposition of his property towards his relatives than he had been during the lifetime of his first wife."

He and his first wife had for many years been very friendly with Margaret Foster, now Margaret Foster Feltham, and members of her family. She was a very well educated, successful and attractive woman, whom they both much admired.

On August 30, 1934, during his engagement to Margaret Foster, he wrote to a man who was his intimate friend a letter that was introduced in evidence. In it he used language which shows that he felt that his brother and sisters were more interested in him for the money which they could get from him than for anything else. He then added, evidently referring to Margaret Foster and to his first wife: "I am talking with a lady whom I have known for over 25 years and Annie was always talking about her, and some six weeks before she died, she asked me to marry her and I think that I shall take her advice before long."

It appears from his rescript that the trial justice has carefully considered the very voluminous and conflicting evidence in this cause, including the evidence which concerns the alleged inconsistency between certain testimony given by Margaret Foster Feltham in the probate court and certain testimony given by her in the instant cause; and that he has fairly and thoughtfully determined the credibility and weight of such parts of the evidence as are in conflict with one another. From our consideration of all the evidence, we are of the opinion that his findings and conclusions therefrom are not clearly against the evidence and the weight thereof, and that we should sustain them.

His specific findings of fact, which are stated in his rescript as the bases for his final conclusions therein that we have above set forth, are that the respondent Margaret Fos-

ter Feltham did not cause Arthur J. Feltham to become estranged from the complainants or his other relatives, but did in good faith try to bring about a reconciliation between him and them and to persuade him to make dispositions of his property favorable to them and not to their detriment; that each of the three trust instruments in question and each of the transfers of property in question "was the free and voluntary act of Arthur J. Feltham and not the result of undue influence exerted by Margaret Foster Feltham as alleged in the bill of complaint."

These findings of fact fully support his final conclusions therefrom. We therefore are of the opinion that none of the complainants' reasons of appeal should be sustained.

The complainants' appeal is denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the superior court for further proceedings.

*Edward T. Hogan,* for complainants.

*Tillinghast, Collins & Tanner,* for respondents.